IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil No. 09-10929 |
| Plaintiffs, ) | |
| ) | Judge |
| v. ) | |
| ) | |
| CHARLES M. CLIFFORD, ) | |
| CHARLES A. CLIFFORD, and ) | |
| OPTION ONE MORTGAGE CORPORATION, ) | |
| ) | |
| Defendants. ) | |

COMPLAINT

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of the Attorney General of the United States and with the authorization of a delegate of the Secretary of the Treasury, brings this civil action to reduce to judgment unpaid federal tax assessments made by the Internal Revenue Service against the defendant Charles M. Clifford (hereinafter "Taxpayer"), to establish the validity of liens of the United States under 26 U.S.C. § 6321 upon all of the property and rights to property belonging to the Taxpayer, to declare that the defendant Charles A. Clifford, is the nominee of the Taxpayer, as set forth more fully herein, or, in the alternative to set aside the fraudulent conveyance of certain real property made by the Taxpayer, and to foreclose federal tax liens upon the property described in this complaint, title of which is held in the name of Charles A. Clifford, with such property to be sold at a judicial sale. For its complaint, the United States alleges as follows:

**JURISDICTION AND PARTIES**

1.      Jurisdiction is conferred upon the district court pursuant to 26 U.S.C. §§ 7402 and

7403 and 28 U.S.C. §§ 1331, 1340 and 1345.

2.      The Taxpayer resides in Charlestown, Massachusetts, within the jurisdiction of this Court.

3.      The defendant Charles A. Clifford, resides in Charlestown, Massachusetts, within the jurisdiction of this Court. Charles A. Clifford is made a defendant pursuant to 26 U.S.C. § 7403 as he may claim an interest in the property upon which the United States seeks to foreclose its liens.

4.      Option One Mortgage Corporation has a place of business at 3 Ada, Irvine, California 92618. Option One Mortgage Corporation is made a defendant pursuant to 26 U.S.C. § 7403 as it may claim an interest in the property upon which the United States seeks to foreclose its liens.

**COUNT ONE (To reduce income tax assessments to judgment)**

5.      On the following dates, a delegate of the Secretary of the Treasury made assessments against the Taxpayer for unpaid federal income taxes, penalties, and interest, for the following income tax years, in the following amounts, which have balances due as of July 31, 2008, as follows:

| Tax Period Ending | Date of Assessment | Assessed Amount | Balance Due as of July 31, 2008 |
|---|---|---|---|
| 12/31/1998 | 6/7/1999 | $ 7,617.00 [1] | $ 17,138.56 |

---

[1] Taxes   [2] Estimated Tax Penalty   [3] Failure to Pay Tax Penalty   [4] Interest Assessed
[5] Late Filing Penalty

|  |  |  |  |
|---|---|---|---|
|  | 6/7/1999 | $ 271.00 [2] |  |
|  | 6/7/1999 | $ 76.17 [3] |  |
|  | 6/7/1999 | $ 88.99 [4] |  |
| 12/31/1999 | 5/29/2000 | $ 9,315.00 [1] | $ 19,768.04 |
|  | 5/29/2000 | $ 406.00 [2] |  |
|  | 5/29/2000 | $ 93.15 [3] |  |
|  | 5/29/2000 | $ 101.32 [4] |  |
|  | 10/3/2005 | $ 2,235.59 [3] |  |
| 12/31/2000 | 5/28/2001 | $ 6,623.00 [1] | $ 12,564.74 |
|  | 5/28/2001 | $ 356.00 [2] |  |
|  | 5/28/2001 | $ 66.23 [3] |  |
|  | 5/28/2001 | $ 62.71 [4] |  |
|  | 7/30/2001 | $ 92.90 [4] |  |
|  | 7/30/2001 | $ 99.34 [3] |  |
|  | 10/3/2005 | $ 1,422.67 [3] |  |
| 12/31/2001 | 10/29/2007 | $ 6,581.00 [1] | $ 13,873.08 |
|  | 10/29/2007 | $ 260.00 [2] |  |
|  | 10/29/2007 | $ 1,480.62 [5] |  |
|  | 10/29/2007 | $ 1,645.25 [3] |  |
|  | 10/29/2007 | $ 3,224.77 [4] |  |
| 12/31/2002 | 10/29/2007 | $ 8,158.00 [1] | $ 16,298.25 |
|  | 10/29/2007 | $ 244.00 [2] |  |

---

[1] Taxes   [2] Estimated Tax Penalty   [3] Failure to Pay Tax Penalty   [4] Interest Assessed
[5] Late Filing Penalty

|  | 10/29/2007 | $ 1,835.55 [5] |  |
|  | 10/29/2007 | $ 2,039.50 [3] |  |
|  | 10/29/2007 | $ 3,220.73 [4] |  |
| 12/31/2003 | 10/29/2007 | $ 9,076.00 [1] | $ 17,394.85 |
|  | 10/29/2007 | $ 234.00 [2] |  |
|  | 10/29/2007 | $ 2,042.10 [5] |  |
|  | 10/29/2007 | $ 1,951.34 [3] |  |
|  | 10/29/2007 | $ 2,935.04 [4] |  |
| 12/31/2004 | 10/15/2007 | $ 3,713.00 [1] | $ 6,685.60 |
|  | 10/15/2007 | $ 835.42 [5] |  |
|  | 10/15/2007 | $ 556.95 [3] |  |
|  | 10/15/2007 | $ 915.60 [4] |  |
| 12/31/2005 | 10/8/2007 | $ 1,180.00 [1] | $ 1,994.29 |
|  | 10/8/2007 | $ 47.00 [2] |  |
|  | 10/8/2007 | $ 265.50 [5] |  |
|  | 10/8/2007 | $ 106.20 [3] |  |
|  | 10/8/2007 | $ 178.56 [4] |  |
| 12/31/2006 | 10/8/2007 | $ 918.00 [1] | $ 1,302.53 |
|  | 10/8/2007 | $ 199.80 [5] |  |
|  | 10/8/2007 | $ 26.64 [3] |  |
|  | 10/8/2007 | $ $42.78 [4] |  |
|  |  | **TOTAL:** | $ 107,019.94 |

---

[1] Taxes   [2] Estimated Tax Penalty   [3] Failure to Pay Tax Penalty   [4] Interest Assessed
[5] Late Filing Penalty

6. A delegate of the Secretary of the Treasury of the United States properly issued notice of the assessments described in paragraph 5, above, to the Taxpayer, and made demand for payment to the Taxpayer.

7. Despite such notice and demand, the Taxpayer has failed, neglected, or refused to pay the federal income tax liabilities set forth above in full, and, after the application of all abatements, payments, and credits, the Taxpayer remains liable to the United States for the unpaid balance of his 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, and 2006 federal income tax liabilities in the total amount of $107,019.94, plus interest and other statutory additions from July 31, 2008.

**COUNT TWO  (To foreclose the federal tax liens and set aside fraudulent conveyance)**

8. By warranty deed dated September 21, 1994, the Taxpayer purchased real property located at 311 Main Street, Charlestown, Massachusetts  02129, that is legally described as follows (hereinafter referred to as "the Property"):

> the land with the buildings thereon, situated in that part of Boston, County of Suffolk called Charlestown, on Main Street, number 311, being lot "B" on a plan of land entitled "plan of subdivision of property on Main Street, Charlestown, belonging to the Estate of Emma Porter Suffolk case No. 236126, scale 10 ft. to an inch, dated June 1, 1929, Henry T. Burrage, C.E.," duly recorded in Suffolk County Registry of Deeds, bounded and described as follows:
>
> EASTERLY      by land of Emma F. Curtis Estate sixty one and 4/100 (61.4) feet to a four (4) foot passageway;
>
> WESTERLY      along said passageway seven and 80/100 (7.80) feet to an iron pipe; thence
>
> SOUTHERLY     by lot "A" on said plan fifty-six and 30/100 (56.30) feet to a cut in stone wall; thence

EASTERLY   by said Main Street twenty three and 30/100 (23.30) feet to the point of beginning.

Containing eight hundred and eighty three (883) square feet, according to said plan. Being the same premises conveyed to the Taxpayer by warranty deed of Paul J. Irvin, dated September 21, 1994, and recorded with the Suffolk County Recorder on September 21, 1994, at Book 19330, Page 345.  On February 24, 2005, by warranty deed, the Taxpayer transferred record title of the Property to Charles A. Clifford for $100.00 or less.

9.      The failure, neglect, or refusal of the Taxpayer to pay the taxes, penalties, and interest assessed against him following notice of the assessments and demand for payment of the same, gave rise, as of the dates of the assessments, to liens in favor of the United States, pursuant to 26 U.S.C. §§ 6321 and 6322, upon all of the property and rights to property belonging to the Taxpayer in an amount equal to the unpaid assessments, plus interest and other accruals permitted by law.  These federal tax liens are superior to any claims or other interests of the defendants to or in the property belonging to the Taxpayer, including the Property.

10.     A delegate of the Secretary of the Treasury filed notices of liens in accordance with 26 U.S.C. § 6323(f) for the unpaid 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, and 2006

federal income tax liabilities of the Taxpayer, both in the name of "Charles M Clifford" and "Charles A Clifford nominee of Charles M Clifford" at the Recorder of Deeds of Suffolk County on the dates as follows:

| Tax Period Ending | Date NFTL's Filed Against the Taxpayer, Charles M Clifford | Date NFTL's Filed Against Charles A Clifford nominee of Charles M Clifford |
|---|---|---|
| 12/31/1998 | 4/3/2007 | 2/4/2008 |
| 12/31/1999 | 4/3/2007 | 2/4/2008 |
| 12/31/2000 | 5/4/2006 | 2/4/2008 |
| 12/31/2001 | 11/27/2007 | 2/4/2008 |
| 12/31/2002 | 11/27/2007 | 2/4/2008 |
| 12/31/2003 | 11/27/2007 | 2/4/2008 |
| 12/31/2004 | 11/27/2007 | 2/4/2008 |
| 12/31/2005 | 11/27/2007 | 2/4/2008 |
| 12/31/2006 | 11/27/2007 | 2/4/2008 |

11. The Taxpayer continues to exercise dominion and control over the Property.

12. The Taxpayer continues to enjoy the benefits of ownership of the Property.

13. The Taxpayer continues to retain possession of the Property.

14. The Taxpayer conveyed record title of the Property to Charles A. Clifford after federal tax liabilities had been assessed against him and in anticipation of future federal tax liabilities while continuing to exercise control over that property.

15. A close relationship exists between the Taxpayer and Charles A. Clifford.

16. Charles A. Clifford holds record title to the Property as the mere nominee of the Taxpayer, Charles M. Clifford, the true and equitable owner of the Property.

17. The transfer by the Taxpayer of the Property to Charles A. Clifford was voluntary and was done by the Taxpayer with the actual intent to hinder, delay, or defraud creditors of the Taxpayer, both present and future, including the United States, and thus was fraudulent.

18. The transfer by the Taxpayer of the Property to Charles A. Clifford was made without receiving a reasonably equivalent value in exchange for the transfer, at a time when the Taxpayer believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due to creditors, including the United States.

19. The transfer by the Taxpayer of the Property to Charles A. Clifford occurred at a time when the Taxpayer was insolvent or became insolvent as a result of the transfer of the Property.

20. The transfer by the Taxpayer was done with respect to an insider, namely his father, Charles A. Clifford. The Taxpayer retained possession and control of the Property after the transfer of the Property to Charles A. Clifford was done, after federal tax liabilities had been assessed against him, and in anticipation of future federal tax liabilities that he was not paying as they became due; and thus he was implicitly under the threat of litigation by virtue of his difficulties with the Internal Revenue Service.

21. Pursuant to Section 7403 of the Internal Revenue Code, 26 U.S.C. § 7403, the United States of America is entitled to judgment foreclosing the federal tax liens described above and a decree ordering the sale of the Property, and distributing the proceeds of such sale in accordance with the parties' respective rights and priorities.

**WHEREFORE**, the plaintiff United States of America prays for judgment:

A. That this Court enter judgment for the United States of America against the

defendant Charles M. Clifford for federal income taxes, penalties, and interest in the amount of $107,019.94 for the tax years 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, and 2006, described above, plus interest and other statutory additions from July 31, 2008;

      B.      That this Court determine and adjudge that Charles A. Clifford is the mere nominee of Charles M. Clifford, the true and equitable owner of the Property, and as such any interest held by Charles A. Clifford in the Property is subject to the valid federal tax liens of the United States;

      C.      That this Court determine and adjudge that the purported conveyance of the Main Street property by the Taxpayer to Charles A. Clifford was fraudulent and as such any interest held by Charles A. Clifford in the Property is subject to the valid federal tax liens of the United States;

      D.      That this Court order the foreclosure of the United States' tax liens upon the Property described in this complaint, and that said Property be sold by a proper officer of this Court according to law, free and clear of all rights, titles, liens, claims, and interests of the parties hereto, and that proceeds of such sales be distributed, after the costs of sale, to the United States and to the other parties in accordance with the law; and,

     E.     That this Court award the United States of America its costs and such further relief as is just and proper.

Dated: June 3, 2009

                      Respectfully submitted,

                      MICHAEL K. LOUCKS
                      Acting United States Attorney

                      */s/ Andrea A. Kafka*
                      ANDREA A. KAFKA
                      Trial Attorney, Tax Division
                      U.S. Department of Justice
                      Post Office Box 55, Ben Franklin Station
                      Washington, D.C.  20044
                      Telephone: (202) 305-7932
                      Facsimile: (202) 514-5238
                      Email: Andrea.Kafka@usdoj.gov