IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No. 09-10929 |
| | ) | |
| Plaintiff, | ) | Judge Patti B. Saris |
| Counterclaim Defendant, | ) | |
| | ) | Magistrate Judge Leo T. Sorokin |
| v. | ) | |
| | ) | |
| CHARLES M. CLIFFORD, | ) | |
| CHARLES A. CLIFFORD, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |
| Counterclaim Plaintiff. | ) | |

**JOINT STATUS REPORT - SEPTEMBER 3, 2010**

In accord with Judge Leo T. Sorokin's order entered August 5, 2010, the United States of America, after speaking with counsel for Charles M. Clifford, Charles A. Clifford, and Deutsche Bank National Trust Company, as Trustee for the Certificate holders of Carrington Mortgage Loan Trust 2005-OPT2, Asset Backed Certificates, Series 2005-OPT2 ("Deutsche"), submits this status report to update the court on the progress towards settlement in this case.

**I.    Status of Settlement**

   *A.    The Cliffords*

Counsel for the United States and Charles A. Clifford discussed progress towards settlement earlier this week. Mr. Clifford indicated that he had the interior of the subject property at 311 Main Street, Charlestown, Massachusetts 02129 (the "Property") repainted in

preparation for sale. He continues to work on the exterior of the Property, and expects to be able to have the house on the market soon. Mr. Clifford is willing to enter into a stipulation that: (1) gives the United States a judgment against Charles M. Clifford; (2) gives Charles A. Clifford a reasonable time to sell the Property, and if he is unsuccessful after a fixed reasonable time period, (3) gives the United States the opportunity to enforce its liens on the Property in a manner that would maximize the sale price.

### B.   *Deutsche Bank*

Deutsche and the United States are in agreement that the bank's security interest in the Property is prior to the tax liens because notices of the tax liens had not been filed at the time the bank acquired and perfected its security interest. *See* 26 U.S.C. § 6323(a). Counsel for the Unites States is not opposed to entering into a priority stipulation with Deutsche that would alleviate any concerns Deutsche has in regards to its priority in any sale proceeds. The fact that Deutsche has priority protects its interests in the event of a forced sale. The United States would seek to ensure that Deutsche was paid, so that the United States' tax liens could also be satisfied. However, Deutsche Bank insists that it be given a role in any forced sale that may occur, and this goes against the prior exclusive jurisdiction of this Court (*see* II, infra).

### C.   *Priority*

The parties are in agreement, that should the property be sold, the proceeds of any sale should be distributed as follows:

> a) first to Deutsche, in accord with its Mortgage recorded on February 24, 2005;
>
> b) second to the United States of America in accord with its Notices of Federal Tax Liens for the year ending 2000, filed on May 4, 2006, in the amount of $8,422.85, including all interest and statutory additions that have accrued and continue to accrue on the tax liabilities from the assessment date;

> c) third to the United States of America in accord with its Notices of Federal Tax Liens for the years ending 1998, and 1999, filed on April 3, 2007, in the amount of $22,032.09, including all interest and statutory additions that have accrued and continue to accrue on the tax liabilities from the assessment dates;
>
> d) fourth to the United States of America in accord with its Notices of Federal Tax Liens for the years ending 2001, 2002, 2003, 2004, 2005, and 2006, filed on November 27, 2007, in the amount of $53,883.45, including all interest and statutory additions that have accrued and continue to accrue on the tax liabilities frm the assessment dates; and
>
> e) fifth, and remaining balance after the above payments have been made shall be distributed to Charles A. Clifford.

## II. **The United States District Court Has Prior Exclusive Jurisdiction Over the Property**

Once the government commenced this action, on June 3, 2009, seeking to enforce its tax liens and joined Deutsche as a defendant, it is the government's position that this court acquired exclusive jurisdiction over the real property to which both parties' liens attach. Deutsche may not proceed in state court to attempt to foreclose its mortgage, nor should it be allowed to be involved in the sale in this case, as the United States is in agreement that Deutsche should have priority over any sale proceeds. This Court "has prior exclusive jurisdiction over the *res* in this case . . . [and] [o]nce property is brought under the jurisdiction of the federal court, state courts cannot properly exercise control over it, and any such attempt is viewed as 'nugatory and void.'" *See United States v. Conner*, 2000 WL 1358677 (E.D. Mich. July 5, 2000), *quoting Heidritter v. Elizabeth Oil-Cloth Co.*, 112 U.S. 294, 302 (1884).

Deutsche maintains that it has a right to participate in any sale that goes forward, or to conduct its own sale without regard to the prior exclusive jurisdiction of the district court over the real property at issue. Should Deutsche attempt to proceed in state court, it is the

government's position that this court has the jurisdiction and power to enjoin any such action which would undermine its own jurisdiction, as the relief sought by Deutsche interferes with this Court's prior exclusive jurisdiction.  *See, generally*, 26 U.S.C. § 7402(a) and 28 U.S.C. § 1651(a).

### III.  Conclusion

It appears that the only impediment to settlement at this time, is Deutsche's unwillingness to relinquish a say in any sale that may occur, should the Cliffords be unsuccessful in their attempts to sell their home.  Should a sale be placed in the hands of the United States, it is in its best interests to maximize the sale price, in order to satisfy its outstanding tax liens.  The fact that Deutsche would be paid before the United States should alleviate any concerns Deutsche has in this matter.


| For the Plaintiff<br>UNITED STATES OF AMERICA: | For the Defendant<br>CHARLES M. CLIFFORD: |
|---|---|
| */s/ Andrea A. Kafka*<br>ANDREA A. KAFKA<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>PO Box 55, Ben Franklin Station<br>Washington, D.C.  20044<br>Phone: (202) 305-7932<br>Fax: (202) 514-5238<br>E-mail: Andrea.Kafka@usdoj.gov | *with consent by: /s/ Charles A. Clifford*<br>CHARLES A. CLIFFORD, ESQ.<br>Clifford Law Offices<br>305 Main Street<br>Charlestown, Massachusetts 02129<br>Phone: (617) 241-7440<br>Fax: (617) 241-5014<br>Email: CliffordLawOffices@comcast.net |

| For the Defendant<br>DEUTSCHE BANK: | For the Defendant<br>CHARLES A. CLIFFORD: |
|---|---|
| <u>*with consent by: /s/ Howard S. Goldman*</u><br>HOWARD S. GOLDMAN, ESQ.<br>Goldman & Pease, LLC<br>Attorneys at Law<br>160 Gould Street, Suite 320<br>Needham, Massachusetts 02494<br>Phone: (781) 292-1080<br>Fax: (781) 239-8909<br>Email: HGoldman@goldmanpease.com | <u>*with consent by: /s/ Charles A. Clifford*</u><br>CHARLES A. CLIFFORD, ESQ.<br>Clifford Law Offices<br>305 Main Street<br>Charlestown, Massachusetts 02129<br>Phone: (617) 241-7440<br>Fax: (617) 241-5014<br>Email: CliffordLawOffices@comcast.net |

CERTIFICATE OF SERVICE

I certify that on September 3, 2010, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

        Charles A. Clifford, Esquire
        Howard Goldman, Esquire

Parties may access this filing through the Court's system.

        */s/ Andrea A. Kafka*
        ANDREA A. KAFKA
        Trial Attorney, Tax Division
        United States Department of Justice